**THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JERRY CAULDER AND SHERRY CAULDER,

     Plaintiffs,                           CASE NO.

v.

GC SERVICES, LP,

     Defendant.

_____/

## COMPLAINT

COME NOW the Plaintiffs, JERRY CAULDER AND SHERRY CAULDER ("Plaintiff"), by and through their attorneys, KROHN & MOSS, LTD., and for Plaintiffs' Complaint against Defendant, GC SERVICES, LP, allege and affirmatively state as follows:

## INTRODUCTION

1.     Count I of Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3.     Because Defendant conducts business in the state of Florida, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

5.     Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

6.      Plaintiffs are natural persons who reside in the City of Mulberry, County of Polk, State of Florida.

7.      Plaintiffs are consumers as that term is defined by 15 U.S.C. 1692a(3), and according to Defendant, Plaintiffs allegedly owe a debt as that term is defined by 15 U.S.C. 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6), and sought to collect a consumer debt from Plaintiffs.

9.      Plaintiffs are informed and believe, and thereon allege, that Defendant is a limited partnership with headquarters in the City of Houston, State of Texas.

10.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11.      Defendant places constant and continuous collection calls to Plaintiffs in an attempt to collect upon an alleged debt.

12.      Defendant calls Plaintiffs at (863) 640-3564.

13.      Defendant fails to inform Plaintiffs in each and every communication of the Defendant's identity.  (See Exhibit A).

14.      Defendant fails to inform Plaintiffs in each and every communication that the Defendant is a debt collector.  (See Exhibit A).

15.      Defendant has threatened legal action against Plaintiffs by telling them that Plaintiffs' obligation for the alleged debt "will hold up in court."

16.      To date, Defendant has not filed legal proceedings against Plaintiffs.

17.      Despite having proper location information for the Plaintiffs, Defendant has made multiple calls to Plaintiffs' parents at (863) 687-8787.

18.     Plaintiffs' parents have informed Defendant on repeated occasions that Plaintiffs cannot be reached at the dialed number.

19.     Defendant continues to call Plaintiffs' parents despite this.

20.     Defendant's agents tell Plaintiffs' parents that the calls will continue to be placed unless a message is left for Plaintiffs.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

a)      Defendant violated *§1692b(3)* of the FDCPA by communicating with third parties repeatedly in connection with Plaintiffs' alleged debt.

b).      Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural consequence is the abuse and harassment of the Plaintiffs.

c).      Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiffs' telephone to ring and/or engaging in telephonic conversation with Plaintiffs constantly and repeatedly with the intent to abuse, harass and annoy.

d)      Defendant violated *§1692d(6)* of the FDCPA by calling Plaintiffs and failing to provide meaningful disclosure of the caller's identity.

e).      Defendant violated *§1692e(5)* of the FDCPA by threatening Plaintiffs with legal action despite the fact that Defendant has not and does not intend to file legal action against the Plaintiffs.

f)      Defendant violated *§1692e(10)* of the FDCPA by the use of false representation(s) and/or deceptive mean(s) to collect and alleged debt.

g)      Defendant violated *§1692e(11)* of the FDCPA by failing to inform Plaintiffs in each subsequent communication that Defendant is a debt collector.

22.      As a direct and proximate cause of Defendant's foregoing actions, Plaintiffs have suffered from emotional distress. (See Exhibit B).

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

23. Declaratory judgment that the Defendant's conduct violated the Federal Act, FDCPA.

24. Actual damages.

25. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

26. Costs and reasonable attorney's fees pursuant to the Federal Act, 15 U.S.C. 1692k.

27. Any other relief that this court deems to be just and proper.


RESPECTFULLY SUBMITTED,


By:  /s/ Aaron D. Radbil_____
    Aaron D. Radbil
    Krohn & Moss, Ltd
    120 W Madison St, 10th Floor
    Chicago, IL 60602
    (312) 578-9428 ext. 281
    Attorney for Plaintiff
    FBN: 0047117


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiffs, JERRY CAULDER AND SHERRY CAULDER, hereby demand trial by jury in this action.

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA)

Plaintiffs, JERRY CAULDER AND SHERRY CAULDER, say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.


Pursuant to 28 U.S.C. § 1746(2), I, JERRY CAULDER AND SHERRY CAULDER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.


Dated: 3-30-09                    _Jerry Caulder_
                                  JERRY CAULDER,
                                  Plaintiff

Dated: 3-30-09                    _Sherry Caulder_
                                  SHERRY CAULDER,
                                  Plaintiff

**<u>EXHIBIT A</u>**

**<u>Please Take Notice that Plaintiff's Counsel are in Possession of a Recorded
Voicemail Message Left by the Defendant.  Said Recording will be produced
Upon Request.</u>**

**<u>EXHIBIT B</u>**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — YES / **NO**
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — YES / **NO**
8. Feelings of hopelessness, pessimism — YES / **NO**
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / **NO**
11. Thoughts of death, suicide or suicide attempts — YES / **NO**
12. Restlessness or irritability — YES / **NO**
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — YES / **NO**
15. Negative impact on my relationships — YES / **NO**

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: With GC Services call center in Lakeland I fear these people will take my address down and show up at my house.

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 3-30-09

Signed Name: *Sherri Caulder*

Printed Name: *Sherri Caulder*

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

| | | | |
|---|---|---|---|
| 1. | Sleeplessness | YES | NO |
| 2. | Fear of answering the telephone | YES | NO |
| 3. | Nervousness | YES | NO |
| 4. | Fear of answering the door | YES | NO |
| 5. | Embarrassment when speaking with family or friends | (YES) | NO |
| 6. | Depressions (sad, anxious, or "empty" moods) | YES | NO |
| 7. | Chest pains | YES | NO |
| 8. | Feelings of hopelessness, pessimism | YES | NO |
| 9. | Feelings of guilt, worthlessness, helplessness | YES | NO |
| 10. | Appetite and/or weight loss or overeating and weight gain | YES | NO |
| 11. | Thoughts of death, suicide or suicide attempts | YES | NO |
| 12. | Restlessness or irritability | YES | NO |
| 13. | Headache, nausea, chronic pain or fatigue | YES | NO |
| 14. | Negative impact on my job | YES | NO |
| 15. | Negative impact on my relationships | YES | NO |

Other physical or emotional symptoms you believe are associated with abusive debt collection activities:_____

_____

_____

_____

_____

_____

*Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.*

Dated: 3-30-09

Signed Name

*Jerry Caulde Jr*
Printed Name